## PRISCILLA JEANS *vs.* ABEL JEANS.

On a decree of divorce for the adultery of the husband, the court allowed the wife one third of his lands for life; and appointed commissioners to assign it.

*The Court* also gave to the wife the custody of her daughters, and made her an annual allowance for their support.

Writ of habere facias possessionem issued to put the complainant in possession.

PETITION for divorce, *causa adulterii,* (see *ante* p. 38.)

The petition charged the respondent with general adultery with one Mary Ann Thompson whom he kept; and by whom he had had an illegitimate child. It also charged specific acts in the months of May and June 1835; and on the 13th of July 1836, at Brandywine hundred. The general facts charged were made out by the proof, and the last specification clearly proved.

Plaintiff and defendant were married in 1819; and had lived happily together for many years, and until very recently. They had four children, three girls aged respectively fourteen, thirteen and eleven years, and one boy aged seven years.

The respondent made no defence, except in reference to the division of his property, which was estimated at about twenty thousand dollars; and the custody of his children.

The question arose, whether the court would make to the petitioner an allowance of a gross sum; divide the property between them, or make an annual allowance.

*Bayard,* for the petitioner, contended for the former, and claimed one-half the estate. It had all been acquired since their marriage,

except about three thousand dollars; and the wife was proved to be a very active and managing woman, not only in the house, but as a clerk. There is reason for a different practice here from that of the ecclesiastical courts in England, where the divorce is only a mensa et thoro, and the marriage tie is not dissolved. An annual allowance is there better suited to the relation of the parties. Our act of assembly contemplates a gross allowance. 1 *Ecclesiastical Rep.* 178, 203, 402; 2 *ib.* 195; 3 *ib.* 230 to 234; 4 *ib.* 11; 5 *ib.* 449.

*Gray,* for the respondent, opposed the principle of a gross allowance. If given either in money or land, it must be given to her absolutely, and by a second marriage may pass away from the defendant's children. The law restores to her all her own lands and tenements; it is not reasonable that she should have any larger interest in her husband's, or greater share than she would be entitled to as his widow; that is, a life estate in one-third.

*The Court* after decreeing a divorce, allowed to the petitioner one third part of the defendant's real estate, to be laid off by commissioners appointed by the court for that purpose, and to be held by her during her life. The court also ordered, that she should have the custody, care and maintenance of her three daughters; and that she should be allowed out of the defendant's personal estate, the sum of two hundred dollars per annum, until the eldest daughter arrived at full age; and from that time two-thirds of that sum until the second daughter arrived at age, and the remaining one-third of that sum until the other daughter arrived at age.

*J. A. Bayard,* for petitioner.

*Gray,* for the respondent.

The commissioners appointed to divide the land made return to the May term of this court 1837, and their return was confirmed by the court. At the November term 1837, the complainant moved for a writ of *habere facias possessionem*, founded on an affidavit that the land was still in defendant's possession, and that he had refused to give possession.

The court laid a rule to show cause why the writ should not issue; and, upon hearing, made that rule absolute. A writ of *habere facias* was issued accordingly.